**[J-39-2024] [OAJC: Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 109 MAP 2023 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 84 EDA 2022 |
| | : | dated January 9, 2023, Reargument |
| v. | : | denied March 17, 2023, Affirming |
| | : | the Judgment of Sentence of the |
| | : | Delaware County Court of Common |
| RASHEED MUHAMMAD, | : | Pleas, Criminal Division, at No. CP- |
| | : | 23-CR-0001435-2019 entered |
| Appellant | : | November 30, 2021. |
| | : | |
| | : | ARGUED:  May 14, 2024 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BROBSON**                                          **DECIDED:  May 30, 2025**

I join Justice Wecht's concurring and dissenting opinion, save for two exceptions.  First, this Court has cabined *Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005), by stating that the decision "was grounded in the delineation of the elements of ethnic intimidation set forth in the text of that statute" and that *Magliocco* is "not generally applicable to other offenses."  *Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012).  *Magliocco*, therefore, is inapplicable to the firearms charges at issue in this case.  Because that determination is sufficient for purposes of disposing of this appeal, I would not address the propriety of *Magliocco* or overrule it.

Second, I understand that Appellant Rasheed Muhammad (Muhammad) did not explicitly waive his right to a jury trial.  It is undisputed, however, that Muhammad agreed to the procedure that led to the trial court instructing the jury on the non-existent crime of "possessing a firearm" and submitting the problematic interrogatory to the jury.  *See*

Opinion Announcing the Judgment of the Court at 3 ("At Muhammad's jury trial, to prevent the jury from learning of Muhammad's prior conviction and preclude the attendant prejudice to him which might arise from this disclosure, the trial court, with the agreement of the parties, did not instruct the jury that he had been charged with persons not to possess firearms. Instead, the court instructed the jurors Muhammad was charged with '[p]ossessing a [f]irearm,' which is not a crime under Pennsylvania law."); Justice Wecht's Concurring and Dissenting Opinion at 2 (stating that, "in an apparent effort to avoid the prejudice that might result if the jury heard evidence of Muhammad's prior conviction, the parties and trial court agreed to the" procedure at issue). Under these circumstances, I would not characterize the trial court's implementation of this agreed upon procedure as undermining Muhammad's right to a jury trial. *See id.* at 7 (explaining that criminal defendants have right to jury trials, "in which the jury actually determines the outcome, not merely the factual predicate[,]" and reasoning that trial court's decision to submit fact question to jury by way of interrogatory "undermined that right").